WATKINS, Judge.
The Loúisiana Supreme Court granted writs in this case, remanding it to us for reconsideration in light of the standard of review set forth in Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984). 456 So.2d 163.
On appeal of this case from the State Civil Service Commission reported at 440 So.2d 785 (La.App. 1st Cir.1983), we reversed the decision of the Commission ordering Annette K. Morgan reinstated as Correctional Security Officer II, and ordered her dismissal. In reviewing this finding of the Civil Service Commission, we applied the arbitrary, capricious, and manifestly wrong test applied in Wollerson v. Department of Agriculture, 436 So.2d 1241 (La.App. 1st Cir.1983).
The Louisiana Supreme Court has since in a definitive decision, Walters v. Department of Police of New Orleans, supra, defined the proper standard of review as follows:
In reviewing the commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the commission’s exercise of its discretion in determining whether disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.
(454 So.2d 106, 114.)
Our reconsideration of this case leads us to the conclusion that our original decision was correct. Although in our original opinion we used the language “arbitrary, capricious, or manifestly wrong” in reversing the decision of the Civil Service Commission, it was not our intention in reviewing the commission’s findings of fact to deviate from the clearly wrong or manifestly erroneous rule prescribed generally for appellate review.
In applying this rule to the evidence of record, we found in our original opinion, and upon reconsideration still believe that the factual conclusion of the Civil Service Commission that Ms. Morgan was prevented from seeing the escape because of fog (and was not guilty of neglect that would demand her dismissal) was clearly wrong and not supported by the evidence. We articulated our reasons for so holding in our original opinion cited above.
The Commission having arrived at the conclusion that Ms. Morgan was not derelict in her duties, with which conclusion we disagree, necessarily never arrived at the question of the propriety of the sanction of dismissal from employment that was imposed. However, in view of the seriousness of the offense of Ms. Morgan in failing to prevent an escape, we must uphold the sanction of dismissal imposed *15 by the appointing authority as we find it to be commensurate with the infraction.
After due reconsideration in light of the standards of review enunciated in Walters v. Department of Police of New Orleans, supra, we reinstate our former decision reversing the ruling of the State Civil Service Commission. Therefore, we order that Ms. Annette K. Morgan be discharged from employment as originally directed in the letter of termination. All costs to be paid by Ms. Morgan.
ORIGINAL DECISION REINSTATED.